IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3-22-CR-00228 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | |
| | ) | |
| ANKITA SINGH, | ) | OBJECTION TO DEFENDANT'S |
| | ) | POSITION BRIEF REGARDING PLEA |
| Defendant. | ) | AGREEMENT |

To protect the record, the United States files this Objection to Defendant's Position brief (ECF No. 138), containing references to plea negotiations conducted in good faith between the parties. First, Defendant entered a guilty plea to a misdemeanor violation of 42 U.S.C. § 1320d-6. If the Court rejects the binding plea agreement, the United States stands ready to fully prove its case, confident it will result in convictions.  Regarding Defendant's guilty plea, the United States incorporates here the plea agreement's factual basis as support for each element of that crime, which would be proven should the case go to trial. (ECF No. 135, PageID# 3141.)  Dr. Singh's grand jury testimony, which the Court has reviewed, further supports each element of this crime.

Next, plea negotiations should remain confidential and not involve the Court. *See* Fed. R. Crim. P. 11(c)(1); *see also* Fed. R. Evid. 410.  Defense counsel's statements regarding "mistakes of law" are incorrect misrepresentations of evidentiary rulings made at the first trial of this matter. Further, both parties at the first trial, former defense counsel and counsel for the government, agreed to use the Sixth Circuit's pattern jury instruction related to health care fraud.  Defense counsel failed to object at that time.

Furthermore, if this case proceeds to a re-trial, the United States will notice the testimony of several experts to rebut Defendant's legal arguments; they will testify about the Medicare regulations, application of the regulations to this case, the physician-patient relationship, and what was required.  To do so here is not appropriate.  Trial preparation brings with it many motions, filed by both sides; this in no way influences the government's decision to resolve a matter.

Finally, this case was resolved in the interests of justice and judicial economy, considering federal prosecution interests and resources.  The United States recognizes the Court's authority and ability to reject the binding plea agreement in accordance with Fed. R. Crim. P. 11(c).

<div style="margin-left: 50%;">

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:  /s/ Dexter L. Phillips
     Dexter L. Phillips
     Assistant United States Attorney
     Four Seagate, Suite 308
     Toledo, OH 43604
     (419) 259-6376
     (419) 259-6360 (facsimile)
     Dexter.Phillips@usdoj.gov

</div>

2