**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 3:22-cr-00228-JZ-1** |
| | ) | |
| **ANKITA SINGH** | ) | |

### DR. SINGH'S REPLY TO THE GOVERNMENT'S OBJECTION TO HER POSITION BRIEF REGARDING PLEA AGREEMENT

Defendant Dr. Ankita Singh, through undersigned counsel, hereby replies to several points in the government's "Objection to Defendant's Position Brief Regarding Plea Agreement" (Docket #140) to her memorandum as to why the Court should accept the proposed plea agreement under Rule 11(c)(1)(C) (Docket #138).

First, the government's position that if the case proceeds to a re-trial, it will "notice the testimony of several experts to rebut Defendant's legal arguments" and to testify about "the Medicare regulations, applications of the regulations to this case, the physician-patient relationship, and what was required" shows that the government does not understand the difference between *factual* disputes for the jury to resolve with *legal* disputes for the Court to resolve.  What was legally required in the relevant time period is not something that any witnesses should be opining about – it should be set forth by the Court itself.  *See, e.g., United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (it is "manifestly the role of the Court, not the jury, to consider arguments concerning the meaning of the applicable statutes and regulations and instruct the jury accordingly").  Moreover, if the government filed such notices, Dr. Singh would have filed motions to preclude such testimony and would have noticed experts to counter the government's witnesses.

Second, the government's suggestion that the plea discussions cannot be considered by the Court in deciding whether to accept a plea agreement under Rule 11(c)(1)(C) is not based in any

1

rule or law.  Federal Rule of Criminal Procedure 11(c)(1) has no applicability here – the Court did not participate in the plea discussions and is now considering whether to accept or reject it, as is its duty under Rule 11(c)(3).[1]  Federal Rule of Evidence 410 also has no applicability here – it only prohibits a guilty plea that was withdrawn or statements made during plea negotiations from being "admissible against the defendant."

Moreover, the Sixth Circuit has recognized a settlement privilege in civil cases, *see Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc*., 332 F.3d 976 (6th Cir. 2003), but has not recognized such a privilege in the context of a district court's consideration of a Rule 11(c)(1)(C) plea agreement.  Even if this Court were to find that such a privilege did exist in this context, the government waived that privilege when it answered the Court's questions about the plea agreement by giving a partial explanation that left out significant information.  Defense counsel said on the record that it believed that the government had omitted significant information, and the government did not object or raise confidentiality or privilege concerns when the Court allowed defense counsel to submit additional information.

Third, the government's argument that Dr. Singh's grand jury testimony supports the elements of Count 22 is without merit as Dr. Singh was not even asked whether her conduct violated the Health Insurance Portability and Accountability Act ("HIPAA") or Part C of Subchapter XI of Chapter 7 of Title 42 of the United States Code.  Moreover, in terms of the other counts of the indictment, Dr. Singh did not admit that she acted with intent to defraud or with

---

[1] In deciding whether to accept or reject a plea agreement under Rule 11(c)(1)(C), a district court must exercise "sound judicial discretion" and "must rationally construct a decision based on all relevant factors." *United States v. Cota-Luna*, 891 F.3d 639, 647-48 (6th Cir. 2018) (internal citations and quotations omitted).

knowledge that her conduct was illegal.  The government's interpretation of Dr. Singh's grand jury testimony is based on its mistaken understandings of law and fact, as a trial would have shown.

Finally, if the plea is not accepted, Rule of Evidence 410 would prohibit the government from using the fact of the plea and the statements in the plea agreement as evidence against Dr. Singh in a new trial.  There was no waiver of Dr. Singh's rights under Rule 410 in the plea agreement, as is part of some plea agreements where such a waiver was explicitly set out.  *See, e.g., United States v. Hall*, 877 F.3d 800 (8th Cir. 2017) (no error in admitting statements from a plea agreement that was withdrawn and that contained a provision explicitly waiving the defendant's rights under Rule 410), *United States v. Jim*, 786 F.3d 802 (10th Cir. 2015) (same).

Overall, the Court's concerns about the plea agreement presented by the government and by Dr. Singh are understandable if one thought that the government had a strong case that it would have won at trial.  But the plea agreement makes sense if one accepts that the government faced significant risk of losing at a new trial and that Dr. Singh wanted to avoid even a small chance of deportation.  For these reasons, Dr. Singh asks the Court to accept the plea agreement.

<div style="margin-left: 45%;">

/s/ Stephen Chahn Lee
Stephen Chahn Lee
Admitted *pro hac vice*
Attorney for Defendant
Law Office of Stephen Chahn Lee, LLC
209 S. LaSalle St, Suite 950
Chicago, IL 60604
312-436-1790
slee@stephenleelaw.com

Mark D. Wagoner
Attorney for Defendant
Shumaker
1000 Jackson Street
Toledo, Ohio 43604-5573
mwagoner@shumaker.com
419-321-1412

</div>

<div style="text-align:center;">3</div>